UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

George E. Carter,

   Plaintiff,

         v.                                              Civil Action No.  08-1749 (JDB)

District of Columbia *et al.*,

   Defendants.

## MEMORANDUM OPINION

In this action brought under 42 U.S.C. § 1983 and the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680, plaintiff, proceeding *pro se*, sues the District of Columbia Department of Corrections and the United States Parole Commission.  He alleges that defendants violated the Constitution's *ex post facto* clause by "failing to execute the 'old' parole laws and regulations for the D.C. Municipal Regulations" at his parole rehearing in March 2006.  Compl. at 2.  The District of Columbia, which is hereby substituted as the proper local defendant, moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.[1]

Effective August 5, 1998, the United States Parole Commission assumed exclusive authority over parole determinations of District of Columbia prisoners convicted of felonies, and

---

[1] The United States Parole Commission has not appeared in the case, but there is no indication from the docket that it has been served with the summons issued on October 15, 2008, and a copy of the complaint.  Because plaintiff is not proceeding *in forma pauperis*, he is responsible for serving defendant within 120 days from the filing of the complaint.  Fed. R. Civ. P. 4(m).  Considering plaintiff's *pro se* status, the Court will enlarge the time for him to effect proper service upon the United States Parole Commission.

the District of Columbia Board of Parole was subsequently abolished.  D.C. Code §§ 24-131, 133; *see Franklin v. District of Columbia*, 163 F.3d 625, 632 (D.C. Cir. 1998) ("after August 1998 the Board of Parole no longer had jurisdiction to conduct parole eligibility hearings for the District's felon inmates").  Because the District of Columbia had no authority over plaintiff's parole proceedings in 2006, the Court finds that the complaint fails to state a claim upon which relief can be granted against the movant.  *See Gant v. Reilly*, 224 F. Supp.2d 26, 37 (D.D.C. 2002) ("With the enactment of the Revitalization Act [codified at D.C. Code § 24-131], Congress has taken its delegation of parole authority away from the District of Columbia government and has returned it to the federal government.").  Hence, the District of Columbia's Rule 12(b)(6) motion to dismiss is granted.  A separate Order accompanies this Memorandum Opinion.

                          s/
JOHN D. BATES
United States District Judge

Dated: April 6, 2009